UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ANNELL WALECH,

               Plaintiff,

   v.

TARGET CORPORATION, et al.,

             Defendants.

CASE NO. C11-254 RAJ

ORDER GRANTING IN PART
DEFENDANTS' MOTION FOR
PROTECTIVE ORDER

## I. INTRODUCTION

This matter comes before the court on defendants Target Corporation's and Target Stores, Inc.'s ("Target") motion for protective order. Dkt. # 14. Target argues that it requires a protective order because plaintiff Annell Walech's discovery requests are exceedingly overbroad and unduly burdensome. Target requests an order limiting the scope of discovery by (1) limiting the interrogatories to which Target must answer to Number 14 because the various subparts of the interrogatories exhausted the twenty-five available interrogatories; (2) limiting the geographic scope of discovery to the Target store where plaintiff worked; (3) limiting the type of employee defendant is required to identify to those who held the same position as plaintiff for the last five (5) years, and to produce documents relating to the discipline, evaluation, and termination of those

employees; (4) limiting the production of documents to those from the personnel files of plaintiff's supervisor, store manager, store HR manager, and the district HR manager related to unfair treatment based on medical leave, disability, or retaliation; (5) limiting the production of documents to those from the personnel file of employees who held the same job position as plaintiff from May 2003 to May 2008 regarding discipline, evaluation, and termination; (6) limiting information regarding other complaints against Target to claims arising out of the Burlington store involving (a) a request for medical leave of absence or reasonable accommodation, and (b) discrimination and retaliation relating to medical leave or disability; and (7) limiting discovery in accordance with Target's other objections.

Target filed this motion without actually conferring with opposing counsel, although Target's counsel made several attempts from November 14, 2011 through November 29, 2011 to meet and confer. *See* Dkt. # 15 at 1, 8-12 (Griffin Decl.) ¶ 2, Ex. A. Counsel for the parties here are the same as counsel appearing in *Acton v. Target Corporation*, *et al.*, Case No. C08-1149RAJ (The Blankenship Law Firm P.S. and Jackson Lewis LLP). The court remembers the parties' conduct in the *Acton* case well, and notes at this early stage that it will not tolerate discovery abuses or procedurally improper or premature motions in this case.[1] The court understands Target's concern regarding the discovery requests, but believes the motion for protective order was filed prematurely. A meaningful discussion between the parties could have narrowed the issues presented. Nevertheless, given that the parties were unable to agree as to the

---

[1] The court has already stricken a procedurally improper and premature motion to strike filed by Target. Dkt. # 34 (Minute Order striking Dkt. # 31). The court has disregarded plaintiff's procedurally improper surreply. Dkt. # 24; *see* Local Civ. R. 7(g). The court expects the parties to read and abide by the Federal Rules of Civil Procedure and Local Civil Rules. Failure to abide by court rules may result in sanctions, including, but not limited to, striking procedurally improper filings.

proper scope of discovery after Target's premature filing of this motion, the court will address the proper scope of discovery to provide guidance to the parties.[2]

Having reviewed the memoranda, exhibits, and the record herein, the court GRANTS in part and DENIES in part Target's motion for protective order.

## II. BACKGROUND

Ms. Walech worked at a Target retail store from February 14, 1990 to May 14, 2008. Dkt. # 19 at 13 (Ex. A to Woods Decl., Walech Decl. from Case No. 08-1149 RAJ ¶ 2). She spent most of her tenure, from June 1992 to May 2008, with Target's Burlington store. Dkt. # 16 (Dever Decl.) ¶ 3. During the term of her employment, Ms. Walech held positions for Cashier Price Change Team, Price Change Team Supervisor, Price Change Team Leader, Price and Pres [sic] Team Leader, Sales Floor Team Leader and Cashier Team Leader. *Id.* ¶ 5. The basic hierarchy for a Target store from top to bottom is store manager (called Store Team Leader ("STL")), assistant store managers (called Executive Team Leaders ("ETL"), supervisors (called Team Leaders), and hourly employees (called Team Members). *Id.* ¶ 4. In early 2007, Ms. Walech developed bursitis in her left arm. Dkt. # 19 at 13 (Ex. A to Woods Decl., Walech Decl. from Case No. 08-1149 RAJ ¶ 2). Plaintiff's supervisors during this time were Jessica McClure (ETL) and Jeff Tomlinson (STL). *Id.* ¶¶ 2-3. Kimberly Smith was the human resources manager assigned to the Burlington store. *Id.* ¶ 2.

Ms. Walech contends that she informed Mr. Tomlinson about the pain in her elbow and how it affected her ability to do her job, but that he provided no support or solutions. *Id.* ¶ 3. Following her request, she contends that she received a negative write-

---

[2] For purposes of this action, the court orders the parties to meet and confer before filing any other discovery motion. The court also notes that a busy case load does not excuse any counsel from his or her obligations in this case. To that end, the court warns that a party's failure to comply with its discovery obligations may be construed as a violation of this order, subjecting that party to the possibility of monetary sanctions, including attorney's fees and costs. Fed. R. Civ. P. 37.

up.  *Id.* ¶ 4.  Ms. Walech's elbow injury required surgery on February 4, 2008.  *Id.* ¶ 5.

Ms. Smith provided Ms. Walech with relevant paperwork for obtaining leave through the

Federal and Medical Leave Act ("FMLA").  *Id.*  Upon return, Ms. Walech's doctor

placed her on light duty and recommended a lifting restriction.  *Id.* ¶ 6.  Ms. Walech

contends that she asked her "supervisor" and Ms. Smith for accommodation, but "there

never seemed to be any Target personnel available to help her load or unload or stock

merchandise when the weight exceeded [her] restriction.  *Id.* ¶ 6.  Ms. Walech received

another negative review from her supervisor for performance issues within weeks of

returning to work.  *Id.* ¶ 7.

Ms. Walech contends that after not receiving a response from Ms. Smith, she

called the Target ethics hotline and complained.  *Id.* ¶ 8.  She contends that the Target

ethics hotline informed her that they could not do anything until she contacted her district

human resources.  *Id.*  Ms. Walech contends that she called Nikki Solace, the Human

Resources Manager for her district, and one of Ms. Solace's "associates" informed her

that they could not do anything for her.  *Id.*  Ms. Walech contends that she was forced to

resign in May 2008 because Target did not accommodate her work restrictions, or

otherwise investigate or take her complaints seriously.[3]  *Id.* ¶¶ 8-9.

### III. ANALYSIS

The court has broad discretion to control discovery.  *Avila v. Willits Envtl.*

*Remediation Trust*, 633 F.3d 828, 833 (9th Cir. 2011).  That discretion is guided by

several principles.  Most importantly, the scope of discovery is broad.  A party must

respond to any discovery request that is "reasonably calculated to lead to the discovery of

admissible evidence."  Fed. R. Civ. P. 26(b)(1).  The court, however, must limit

discovery where its "burden or expense . . . outweighs its likely benefit, considering the

---

[3] The court notes that Target disputes whether Ms. Walech called the ethics hotline or Ms. Solace's office.  The court need not resolve this disputed issue of fact at this time.

needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving these issues." Fed. R. Civ. P. 26(b)(2)(C)(iii). A party may move the court for a protective order from "annoyance, embarrassment, oppression or undue burden or expense, including . . . forbidding the disclosure or discovery . . . [and] forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters[.]" Fed. R. Civ. P. 26(c)(1)(A) & (D). "If a motion for a protective order is wholly or partly denied, the court may, on just terms, order that any party or person provide or permit discovery." Fed. R. Civ. P. 26(c)(2).

Target's motion for protective order covers dozens of interrogatories and requests for production of documents. Rather than address each request individually, the court will make a series of orders about the proper scope of discovery and categories of discoverable information, as well as address whether plaintiff's interrogatories exceed the twenty-five limit.

**A. Plaintiff's Interrogatories**

A party may not serve more than twenty-five interrogatories on any other party without leave of court. Fed. R. Civ. P. 33(a)(1). "Parties cannot evade this presumptive limitation through the device of joining as 'subparts' questions that seek information about discrete separate subjects. However, a question asking about communications of a particular type should be treated as a single interrogatory even though it requests the time, place, persons present, and contents to be stated separately for each communication." Fed. R. Civ. P. 33(a)(1), Advisory Comm. Notes, 1993 Amend. Where an interrogatory contains multiple subparts, the subparts are counted as one interrogatory if "'they are logically or factually subsumed within and necessarily related to the primary question.'" *Paananen v. Cellco P'ship*, Case No. C08-1042 RSM, 2009 WL 3327227, *2 (W.D. Wash. 2009) (quoting *Safeco of Am. v. Rawstron*, 181 F.R.D. 441, 445 (C.D. Cal. 1998)). "Subparts relating to a 'common theme' should generally be considered a single

interrogatory.  *Id.*  "But 'if the first question can be answered fully and completely without answering the second question' then the questions are distinct."  *Id.*

Target moves this court for a determination that Ms. Walech has exceeded the interrogatory limit under Fed. R. Civ. P. 33.  Ms. Walech served 23 numbered interrogatories in her first interrogatories and requests for production.  Dkt. # 19 at 18-66 (Ex. B to Woods Decl.).  Target contends that the following interrogatories contain discrete subparts that put plaintiff's interrogatories over the limit of twenty-five:  4, 5, 7, 8, 10, 11, 13, 14, 15, 22, and 23.  Dkt. # 15 at 3-5 (Griffin Decl.).

    1.  <u>Interrogatory 4</u>

Interrogatory 4 states:

> Identify with particularity each and every formal or informal request, claim, or complaint made by Plaintiff or on Plaintiff's behalf to Defendant and its employees regarding paid or unpaid medical or sick leave (including leave under the FMLA), Workers' compensation, or discrimination, harassment or retaliation.  Your answer should include to whom the request, claim, or complaint was made, the date it was made, the factual allegations alleged in the request, claim, or complaint, and the subsequent action that was taken to accommodate, investigate or remediate the request, claim, or complaint, including the identity of each and every person who was contacted or notified regarding the request, claim or complaint at any of Target's locations, facilities or offices.

Dkt. # 19 at 31 (Ex. B to Woods Decl., emphasis omitted).

This interrogatory presents two lines of inquiry and should be counted as two.  The first inquiry asks Target to identify all claims/complaints made by Ms. Walech against Target.  The second line of inquiry asks Target to describe its own conduct and the procedural steps it took in conducting an investigation or otherwise responding to Ms. Walech's claims/complaints.

    2.  <u>Interrogatory 5</u>

Interrogatory 5 states:

If Defendant or anyone acting on Defendant's behalf has interviewed any individual concerning any of the matters alleged in Plaintiff's Complaint or relating to Plaintiff's employment at any Target store, identify each individual, state the date of the interview, identify the person who conducted the interview, state where the interview took place, identify every person present during the interview, identify the substance of the interview, identify each and every document which refers or relates to the interview, identify how the information was captured or recorded, and identify each individual acting as a custodian for all of the documents or recordings.

Dkt. # 19 at 32-33 (emphasis omitted).

This interrogatory involves two distinct inquiries and should be counted as two. The first is to identify the evidence, both witnesses and documents, relating to interviews conducted by Target concerning plaintiff's claims or employment. The second is to identify the substance of the interviews, or, in other words, the facts provided during the interview. Neither is subsumed in the other because the inquiry into identifying the documents or witnesses can be answered fully and completely without providing the facts, and vice versa. *See Paananen*, Case No. C08-1042 RSM, 2009 WL 3327227 at *3. The court acknowledges that "communications of a particular type should be treated as a single interrogatory even though it requests that the time, place, persons present, and contents be stated separately for each communication." Fed. R. Civ. P. 32, Advisory Comm. Note, 1993 Amend. However, even if the court construed the main inquiry to be communications between defendant and others regarding plaintiff's claims or employment, plaintiff's request that Target identify documents would still be a separate inquiry.

   3. Interrogatories 7, 8, 10

Interrogatories 7, 8, and 10 require Target to state facts supporting a particular contention[4] and to identify individuals who have personal knowledge of those facts or

_____

   [4] The contention in interrogatory 7, if any, is that plaintiff faked or exaggerated her injuries or symptoms. The contention in interrogatory 8, if any, is that plaintiff was not entitled

documents supporting those facts.  Dkt. # 19 at 39, 41.  As stated previously, these are two separate inquiries:  (1) state the relevant facts for a particular contention, and (2) identify the evidence (either documents or witnesses) that support the facts stated.

   4.  <u>Interrogatory 11</u>

Interrogatory 11 states:

> Identify by full name, title, and dates of employment, all persons who you contend had immediate or successively higher supervisory authority over Plaintiff during her employment with Defendant at any Target Store or who had had any involvement in any way in hiring, supervising, assigning jobs and duties, evaluating and conducting performance reviews, responding to Plaintiff's complaints or concerns, approving or disapproving any of Plaintiff's requested medical or sick leave, promoting, demoting, disciplining, transferring to different departments or Target stores, and terminating Plaintiff.

Dkt. # 19 at 43 (emphasis omitted).

This interrogatory presents one line of inquiry:  To identify people who had immediate or supervisory authority over plaintiff and her complaints.

   5.  <u>Interrogatory 13</u>

This interrogatory asks Target to identify all complaints relating to claims of harassment, discrimination or retaliation from January 1, 2003 to the present against defendants' employees at any Target in Washington, Oregon or Idaho.[5]  Dkt. # 19 at 46. The interrogatory also asks defendant to "identify the factual allegations relating to all formal and informal complaints, including but not limited to, when Defendant first learned of such complaints, all actions Defendant took in response to such complaints, and identify all witnesses with knowledge or information relating to the allegations."  *Id.*

---

to any FMLA or other medical leave or accommodations.  The contention in interrogatory 10 is that Target is not liable to plaintiff.

   [5] Ms. Walech has narrowed the geographic scope to "within the geographic districts in which Ms. Solace was the HR Representative over the past seven years."  Dkt. # 19 at 6 (Woods Decl.).

It also states: "If legal or administrative action was taken, identify the plaintiff(s), the defendant(s), the name and address of the court or agency, if any, the substance and nature of the demand, the disposition of the matter, and documents relating to the actions." *Id.* (emphasis added).

This interrogatory includes four distinct inquiries and should be counted as four interrogatories. First, Target is asked to identify all complaints regarding harassment, discrimination, retaliation, etc. against a Target employee.[6] Second, Target is asked to state the facts relating to those complaints. This inquiry is not subsumed within the first inquiry, because Target could identify the complaints without providing the factual basis, and vice versa. Third, Target is asked to describe its own conduct in responding to the complaints. This is a distinct inquiry from the first and second inquiries as well. Fourth, Target is asked to identify evidence (documents and witnesses) relating to the actions.

6. Interrogatory 14

Interrogatory 14 asks Target to identify all lawsuits and administrative complaints or charges that have been filed against Target or its employees from January 1, 2000 to the present relating to harassment, discrimination or retaliation. Dkt. # 19 at 48. The interrogatory also requires Target's answer to "include the name(s) of the parties thereto, the nature of the case, the core agency or court to which the case was filed, the date the case was filed, the case or cause number, and the disposition of the case." *Id.*

This interrogatory presents one line of inquiry and should be counted as one interrogatory. The inquiry is to identify lawsuits filed against Target relating to the claims alleged by plaintiff.[7] As stated above, identifying parties, nature of case, agency

---

[6] This inquiry would include legal action, and the identity of the parties, court or agency, the nature of the demand, etc. are logically subsumed within and necessarily relate to the primary question of identifying complaints.

[7] Ms. Walech has narrowed this interrogatory to only include claims similar to those claims alleged by plaintiff.

or court, etc. are logically subsumed within and necessarily relate to the primary question of identifying lawsuits against Target with similar claims.

   7. Interrogatory 15

Interrogatory 15 states:

> Identify with particularity all of Defendant's or government guidelines, rules, workplace regulations, and policies relating to paid or unpaid medical leave, sick leave, and vacation, accommodation of disabilities and filing of workers' compensation claims. Your answer should include how these policies applied to Plaintiff, should specify in detail how the policies were made known and available to Plaintiff and by whom, and describe the subject matter of any communication relating to that policy.

Dkt. # 19 at 49.

This interrogatory presents three lines of inquiry, and should be counted as three interrogatories. The first line of inquiry is to identify workplace policies regarding leave, vacation, accommodation, and workers' compensation. The second line of inquiry is how these policies applied to plaintiff. Neither is subsumed within the other because identifying a particular policy can be answered fully and completely without identifying how the policy applied to plaintiff. The third line of inquiry is the communication of these policies to plaintiff. The content of the communication is subsumed within this line of inquiry.

   8. Total Interrogatories

After adding the distinct interrogatory subparts, the third line of inquiry on interrogatory 15 is number twenty-five. Target has responded up to the first inquiry in interrogatory 14. However, the court's analysis of the number of distinct subparts that count as separate interrogatories differs from Target's analysis. According to the court's analysis, Target has responded to nineteen of the twenty-five interrogatories. For the

remaining 6 interrogatories, the court orders the parties to meet and confer regarding which interrogatories plaintiff would like answered.[8]

**B. Proper Scope of Discovery**

   1. Geographic, Complaint, Workgroup, and Temporal Scope

     Plaintiff seeks a nationwide scope with respect to several discovery requests, but has narrowed some of the requests to the "region" in which Ms. Solace operates.[9] Ms. Walech asserts that she is seeking "pattern and practice" evidence. However, Ms. Walech's complaint does not assert a pattern-or-practice claim. Rather, she alleges discrete acts of discrimination, retaliation, or failure to grant requested medical leave based on her disability. Dkt. # 1 ¶¶ 20-26. *See Robinson v. Metro-North Commuter R.R. Co.*, 267 F.3d 147, 158 n.3 (2d Cir. 2001) ("Disparate treatment claims under Title VII generally are of two types: (1) individual disparate treatment claims, which primarily follow the burden-shifting framework set out in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973); and (2) pattern-or-practice disparate treatment claims that center on group-wide allegations of intentional discrimination."). Circuit courts have consistently concluded that pattern-or-practice method of proof of discrimination under Title VII is not available in private, non-class action lawsuits. *Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 969 n.30 (11th Cir. 2008); *Bacon v. Honda of Am. Mfg., Inc.*, 370 F.3d 565, 575 (6th Cir. 2004); *Celestine v. Petroleos de Venezuella SA*, 266 F.3d 343, 355-56 (5th Cir. 2001); *Lowery v. Circuit City Stores, Inc.*, 158 F.3d 742, 761 (4th Cir. 1998), *vacated on other grounds*, 527 U.S. 1031 (1999); *Brown v. Coach Stores, Inc.*, 163 F.3d 706, 711 (2d Cir. 1998); *Babrocky v. Jewel Food Co.*, 773 F.2d 857, 866 n.6

---

   [8] The court notes that the remaining interrogatories at issue, 22 and 23, are substantially similar to interrogatories 13 and 14, and the court would use the same reasoning and analysis.

   [9] Target asserts (and Ms. Walech does not question) that it employs approximately 355,000 employees in 1,750 stores nationwide. Dkt. # 16 (Dever Decl.) ¶ 2. Target employs thousands of people in Washington alone. *Id.*

(7th Cir. 1985). Accordingly, in a private, non-class action claim, pattern-or-practice evidence is generally only collaterally relevant to individual claims. *See Gilty v. Village of Oak Park*, 919 F.2d 1247, 1252 (7th Cir. 1990).

Nevertheless, evidence of systemic discrimination may be discoverable in limited circumstances where a plaintiff can make some showing to connect it to his or her claims. *Acton v. Target Corp.*, Case No. C08-1149RAJ, 2009 WL 3380645, *2 (W.D. Wash. 2009). *See also Van Antwerp v. City of Peoria*, 627 F.3d 295, 298 (7th Cir. 2010) (circumstantial evidence of discrimination may include behavior toward other employees in the protected group); *Bell v. E.P.A.*, 232 F.3d 546, 555 (7th Cir. 2000) ("evidence of systemic disparate treatment is relevant to and probative of the issue of pretext even when it is insufficient to support a pattern and practice disparate treatment case."); *Heyne v. Caruso*, 69 F.3d 1475, 1480 (9th Cir. 1995) (evidence of sexual harassment of other employees relevant to pretext and motive); *Sweat v. Miller Brewing Co.*, 708 F.2d 655, 658 (11th Cir. 1983) ("Statistical information concerning an employer's general policy and practice concerning minority employment may be relevant to a showing of pretext, even in a case alleging an individual instance of discrimination rather than a 'pattern and practice' of discrimination.").

Plaintiff also seeks comparator evidence, which is most relevant when other employees work at the same part of the company as plaintiff, have the same performance, qualifications, and conduct, and have a common supervisor. *Paananen*, 2009 WL 3327227 at *6 (citing *Balderston v. Fairbanks Morse Engine Div. of Coltec Indus.*, 328 F.3d 309, 320 (7th Cir. 2003)). "Typically, this means that discovery in employment cases is limited to the employing unit absent a particularized need for information from other divisions." *Id.*

Here, there is a single plaintiff who worked at the Burlington Store. Mr. Tomlinson, Ms. Smith and Ms. McClure, three of the four alleged decision-makers, worked at the Burlington store during the timeframe of Ms. Walech's elbow injury. Dkt.

# 16 (Dever Decl.) ¶¶ 14-16. There is no evidence that these individuals worked at any other Target store other than Burlington. Plaintiff's sole basis for extending the geographic scope beyond the Burlington Store is her assertion that she called Ms. Solace's office and left a message asking her to return her call. Dkt. # 19 at 14 (Ex. A to Woods Decl., Walech Decl. ¶ 8). Plaintiff concedes that she never spoke with Ms. Solace. *Id.* Rather, she claims that one of Ms. Solace's associates called her back. *Id.* Ms. Walech claims to have explained her complaint to the associate, who later called her again and told her that they could not do anything for her. *Id.* Ms. Solace states that she has no records or recollection that Ms. Walech ever called her office, that she did not review or evaluate Ms. Walech's performance, and did not issue or sign any corrective action that Ms. Walech may have received during her employment with Target. Dkt. # 22 (Solace Decl.) ¶¶ 6, 9, 10. Nevertheless, plaintiff has claimed that she attempted to obtain assistance and accommodation from Ms. Solace's office as a last resort, and was rejected by somebody in her office. Plaintiff claims that she was constructively discharged because, among other things, her repeated attempts to obtain accommodation were met with silence, forcing her to resign. This is a sufficient connection to extend discovery beyond the Burlington Store with respect to Ms. Solace's conduct or the conduct of her associates.

Ms. Solace was the Human Resources Business Partner responsible for Districts 157, 159, and 166 in 2007 and 2008, during which time there were approximately 24 Target stores, and each district had approximately 1200 employees at any given time. Dkt. # 22 (Solace Decl.) ¶¶ 2-4. Target has not provided the court information regarding how many similarly situated individuals worked within those 24 stores.[10] Nevertheless, plaintiff's discovery requests do not include a request to produce information/documents

---

[10] The court notes that Target identified only 13 individuals who held the same position as plaintiff from May 14, 2003 to May 14, 2008 in the Burlington Store.

for employees who requested disability accommodations or medical leave or who were disabled in any of the 24 stores in Ms. Solace's districts. Rather, plaintiff has requested information/documents related to her own requests for leave and accommodation. Dkt. # 19 at 31 (Interrogatory ("ROG") 4). Plaintiff has also requested information/documents related to all complaints relating to discrimination or retaliation based on disability, medical leave or accommodation made "by or against any of Defendant's current or former employees at any Target in Washington, Oregon, or Idaho." *Id.* at 46-47 (ROG 13). Plaintiff has also requested information/documents related to lawsuits, administrative complaints or charges filed with any agency or court. *Id.* at 48-49 (ROG 14); *see also id.* at 60-63 (ROGs 22, 23).

To the extent that plaintiff's discovery requests seek all complaints, lawsuits, etc. without restriction, they are overbroad. The complaints, lawsuits, etc. must be similar to plaintiff's allegations. Accordingly, the proper scope of the complaints is those involving FMLA interference, disability discrimination, failure to accommodate, and retaliation.

The court finds that the proper geographic scope for complaints, lawsuits, or charges filed by Target employees relating to FMLA interference, disability discrimination, failure to accommodate, and retaliation that involve Ms. Solace's conduct or the conduct of one of her "associates," is the twenty-four Target stores within Ms. Solace's districts. The court has intentionally incorporated the limitation requiring Ms. Solace's conduct or the conduct of her associates into this geographic scope. With respect to discovery requests involving conduct of Mr. Tomlinson, Ms. Smith, and Ms. McClure, the proper geographic scope is the Burlington Store.

The court recognizes that Target would like to limit the scope of discovery to those individuals who held the same position as plaintiff. However, "individuals are similarly situated when they have similar jobs and display similar conduct." *Vasquez v. County of Los Angeles*, 349 F.3d 634, 641 (9th Cir. 2003). The test is not having the same job title. It is also far narrower than "all employees" as plaintiff contends. The

court does not have adequate information before it to determine the group of employees who would be similarly situated. However, in an effort to provide guidance to the parties, and with the record before it, the court would surmise that similarly situated employees would include those who, as part of their responsibilities, were required to load, unload or stock merchandise, and who sought accommodation or leave based on a disability or other work restriction imposed by a doctor. The parties are ordered to meet and confer with respect to this issue.

Finally, the court finds that 7 years is reasonable for the temporal scope. *See Acton*, 2009 WL 3380645 at *4; *Paananen*, 2009 WL 3327227 at *9 ("Courts typically strike a balance in the range of three to eight years" for the temporal scope of discovery in employment discrimination cases involving similarly situated employees). Accordingly, the appropriate time frame is from May 2002 to May 2009, one year after Ms. Walech's employment ended.

2. Personnel files

In her discovery requests, plaintiff seeks full personnel files from a number of individuals. *See* Dkt. # 19, Requests for Prod. ("RFP") B-D, G, K-Q, X, BB, WW, XX. Target argues that the court should limit Target's production of personnel files to:

- Documents from the personnel file of Tomlinson, Solace, Smith, and McClure that also relate to plaintiff; documents related to another employee's (as opposed to Tomlinson, Smith, or McClure) taking of medical leave; any documents relating to claims of retaliation; and documents regarding accusations of unfair treatment by Tomlinson, Solace, Smith, or McClure in connection with medical leave, disability, or retaliation (the basis of Plaintiff's claims in this case)[, and]

- Documents from personnel files of those employees who held the same job position as plaintiff from May 14, 2003, to May 14, 2008, regarding discipline, evaluation, and termination (these personnel actions are the basis of Plaintiff's constructive discharge claim).

Dkt. # 14 (Mot.) at 11.

The court has already identified the proper geographic and temporal scope, as well as the proper scope of complaints. The court has also indicated that defendant's definition of similarly situated is too narrow, and has ordered the parties to further meet and confer. It appears to the court that the only personnel files plaintiff seeks are those of the alleged four decision-makers. Dkt. # 18 at 11. In addition to documents Target seemingly agrees to provide, plaintiff seeks documents related to the decision-makers' own use of medical leave or their own requests for accommodation, and documents related to hiring, evaluation, discipline and compensation for the four alleged decision-makers. *Id.* at 11-12. Target has not addressed these categories, and plaintiff has not provided the court sufficient justification of relevance. The court declines to rule on these categories of documents that may be within the alleged decision-makers' personnel file at this time. The parties are to meet and confer with respect to these categories of documents if plaintiff intends to pursue them. Finally, the court notes that Target seemingly concedes that plaintiff is entitled to documents from personnel files of similarly situated employees regarding discipline, evaluation, and termination, which are the bases of plaintiff's constructive discharge claims. *See* Dkt. # 14 at 1:16-19.

3. Target's Other Objections

The court declines Target's invitation to sustain its other objections at this time without the benefit of further briefing.

**IV. CONCLUSION**

For all the foregoing reasons, Target's motion for protective order is GRANTED in part and DENIED in part. The parties are ORDERED to meet and confer within fifteen (15) days of the date of this order with respect to any outstanding issues on these discovery requests. Target is ORDERED to provide supplemental responses to plaintiff's discovery request within thirty (30) days of this order in accordance with this order and

Fed. R. Civ. P. 33(b), 34(b)(2), 26(e).[11]  To the extent Target has partially or completely provided the written response or documents, it shall so state in its supplemental responses.  If outstanding issues remain after the parties have conferred, plaintiff may file a motion to compel pursuant to the Federal Rules of Civil Procedure and Local Civil Rules identifying with particularity the unresolved discovery disputes, the attempts made to resolve the discovery disputes, and the reasons plaintiff is entitled to the information or category of documents.

Dated this 28th day of March, 2012.

The Honorable Richard A. Jones
United States District Judge

---

[11] The court notes that to the extent Target requires additional time to search for and produce relevant documents, the parties are to work together to agree to a reasonable schedule for production of documents.